## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-23193-CIV-MARTINEZ/AOR

JEAN EMMANUEL DORVIL,

     Plaintiff,

v.

NATIONSTAR MORTGAGE LLC,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Jean Emmanuel Dorvil's ("Plaintiff") Bill of Costs and Memorandum in Support of Plaintiff's Bill of Costs (hereafter, "Plaintiff's Motion to Tax Costs") [D.E. 140], and Defendant Nationstar Mortgage LLC's ("Defendant") Motion to Bill Costs (hereafter, "Defendant's Motion to Tax Costs") [D.E. 151]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 155]. The undersigned held a hearing on these matters on October 28, 2020 [D.E. 173]. For the reasons stated below, the undersigned respectfully recommends that Plaintiff's Motion to Tax Costs be GRANTED and Defendant's Motion to Tax Costs be DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff originally filed this action against Defendant, its former mortgage loan servicer, in State Court, asserting claims arising out of Defendant's foreclosure of his house located at 19430 W. Oakmont Drive, Hialeah, Florida 33015. See State Court Records [D.E. 1-3]. On August 23, 2017, Defendant removed this action to Federal Court. See Notice of Removal [D.E. 1]. On December 15, 2017, Plaintiff filed an Amended Complaint asserting ten claims against Defendant: (1) wrongful foreclosure; (2) breach contract (trial modification); (3) breach of contract (permanent

modification); (4) breach of the implied covenant of good faith and fair dealing; (5) promissory estoppel; (6) negligent misrepresentation (trial modification); (7) negligent misrepresentation (permanent modification); (8) fraudulent misrepresentation (trial modification); (9) fraudulent misrepresentation (permanent modification); and (10) negligence.  See Amended Complaint [D.E. 16 at 4-15].  Plaintiff claimed that Defendant wrongfully foreclosed on his house after he had entered into two mortgage modification contracts.  Id. at 2-4.

On March 28, 2018, Defendant filed a Motion for Summary Judgment [D.E. 31] as to all of the claims asserted by Plaintiff, which the Court granted in part and denied in part on March 26, 2019.  See Order on Defendant's Motion for Summary Judgment [D.E. 63].  The Court granted Defendant's Motion for Summary Judgment as to Counts 4, 5, 6, 7, 8, 9, and 10, as well as to Plaintiff's claims for emotional distress damages and punitive damages, and denied it as to Counts 1, 2, and 3.  Id. at 43.  On April 5, 2019, Plaintiff filed a Motion for Reconsideration [D.E. 66], which the Court denied on October 4, 2019.  See Paperless Order [D.E. 81].

Thereafter, a jury trial was held on the three surviving counts. See Paperless Minute Entry for Proceedings [D.E. 122, 123].  On February 26, 2020, the jury returned a verdict in favor of Plaintiff as to Counts 1 and 2 and awarded him $182,600.00 in damages.  See Jury Verdict [D.E. 124].  On March 11, 2020, the Court entered Final Judgment for Plaintiff, but reduced the damages award to $30,00.00; and reserved jurisdiction on the issue of attorney's fees and costs. See Final Judgment [D.E. 134].

On March 25, 2020, Plaintiff filed his Motion to Tax Costs as prevailing party, and on May 10, 2020, Defendant filed its Motion to Tax Costs, also claiming to be the prevailing party.  See Plaintiff's Motion to Tax Costs [D.E. 140]; Defendant's Motion to Tax Costs [D.E. 151].  On May 24, 2020, Plaintiff filed his Reply in Support of Plaintiff's Bill of Costs and Incorporated Response

to Defendant's Bill of Costs (hereafter, "Plaintiff's Reply") [D.E. 158]; and on May 1, 2020, Defendant filed its Reply to Plaintiff's Opposition to Motion to Bill Costs (hereafter, "Defendant's Reply") [D.E. 159].

## ASCERTAINMENT OF PREVAILING PARTY STATUS
## FOR PURPOSES OF COSTS AWARD

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rules 54(d)"), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary.").  "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party."  Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012).  "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)."  Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995).  While Rules 54(d) gives the court discretion to refuse to tax costs, "[t]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so."  Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000).

"A prevailing party is one in whose favor judgment is rendered and who has gained some relief."  Pediatric Nephology Assocs. of S. Fla. v. Variety Children's Hosp., No. 16-24138-CIV, 2018 U.S. Dist. LEXIS 114443, at *6-7 (S.D. Fla. July 9, 2018) (citing Head, 62 F.3d at 354).  "The definition of a 'prevailing party' is well-established in this circuit."  Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1321 (11th Cir. 2001).  In Lipscher, the Eleventh Circuit stated:

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d).... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.... Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

Id. (quoting Head, 62 F.3d at 354) (where the jury returned a verdict in the plaintiff's favor as to liability but the damage award was nominal in the amount of $1.00, and the court entered final judgment in the plaintiff's favor, the district court did not err in finding the plaintiff to be the prevailing party for Rule 54(d) purposes).

Here, Plaintiff obtained a jury verdict and Final Judgment in his favor on two counts.  See Jury Verdict [D.E. 124]; Final Judgment [D.E. 134].  Because Plaintiff has gained some relief, he is the prevailing party.  Lipscher, 266 F.3d at 1321.  Defendant argues that it is the prevailing party because it defeated 80% of the claims brought against it and was able to obtain a reduction of the damages award to 6% of the amount claimed prior to trial.  See Defendant's Motion to Tax Costs [D.E. 151 at 4].  Defendant requests that the court exercise its discretion to deny an award of costs to Plaintiff, or, in the alternative, award costs to both parties, and set off Plaintiff's cost award against Defendant's cost award.  See Defendant's Reply [D.E. 159 at 2].

Defendant relies on Trident Int'l, Ltd. v. Imperial Majesty Cruise Line, LLC in support of its position that the Court should deny Plaintiff's request for costs.  In Trident, the court found that the plaintiff did not prevail on any of its claims, including one for unjust enrichment, but ordered defendant to remit the sum of $63,000 to the plaintiff for unpaid amounts under an agreement, even though the court found that the plaintiff could not meet all the elements for the unjust enrichment claim.  Trident Int'l, Ltd. v. Imperial Majesty Cruise Line, LLC, No. 08-61277-CIV, 2011 WL 845875, at *2 (S.D. Fla. Jan. 19, 2011), report and recommendation adopted, No. 08-

4

61277-CIV, 2011 WL 845849 (S.D. Fla. Mar. 8, 2011).  The court stated that it could have denied any recovery to the plaintiff based on its failure to establish all of the elements of unjust enrichment.  <u>Trident</u>, 2011 WL 845875, at *2.  Thus, the court concluded that an award of costs to the plaintiff was not justified even though the plaintiff received an award of damages.  <u>Id.</u>  The <u>Trident</u> court did note that "[i]n most instances, the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d), and a party who has obtained some relief will be regarded as the prevailing party, even though he has not sustained all of his claims.  Indeed, courts in this Circuit consistently have approved shifting costs even if the prevailing party obtains judgment on a fraction of the claims he has advanced."  <u>Id.</u>

<u>Trident</u> does not support Defendant's position, given that, in this case, Plaintiff obtained a jury verdict of liability and damages and a final judgment of damages, albeit reduced from the jury award, in his favor.  Plaintiff's achievement of some of the benefits sought in bringing his lawsuit makes it a prevailing party.  <u>Pickett v. Iowa Beef Processors</u>, 149 F. App'x 831, 832 (11th Cir. 2005) ("A defendant is a prevailing party if the plaintiff achieves none of the benefits sought in bringing its lawsuit.").  Thus, Plaintiff is the prevailing party, and there is no basis for overcoming the strong presumption of awarding costs to the prevailing party under Rules 54(d).  <u>Trident</u>, 2011 WL 845875, at *2; <u>Lipscher</u>, 266 F.3d at 1321; <u>Pickett</u>, 149 F. App'x at 832.

Defendant argues in the alternative that the Court should award costs to both Plaintiff and Defendant and offset those costs.  However, "there is no discretion for an award of fees to a non-prevailing party."  <u>Lipscher</u>, 266 F.3d at 1321.  Accordingly, the undersigned concludes that only Plaintiff is entitled to a costs award as the prevailing party.

## **COMPUTATION OF COSTS AWARD**

Title 28, United States Code, Section 1920 (hereafter, "Section 1920"), "enumerates

expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071.  Pursuant to Section 1920, a court may award the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  A court may not award costs in excess of those authorized by statute.  Crawford Fitting, 482 U.S. at 445.

Plaintiff requests an award of the following costs as the prevailing party in this action:

| Expenses and Costs | Amount ($) |
| --- | --- |
| Fees of the Clerk | 425.04 |
| Fees for service of summons and subpoenas | 139.00 |
| Fees for recorded transcripts | 2,075.15 |
| Fees for printing | 17.25 |
| Fees for witnesses | 66.00 |
| **TOTAL:** | **2,722.44** |

See Plaintiff's Bill of Costs [D.E. 140].

Defendant does not contest the amount of costs sought by Plaintiff.  See Defendant's Motion to Tax Costs [D.E. 151]; Defendant's Reply [D.E. 159].  Moreover, the undersigned has reviewed Plaintiff's Bill of Costs and supporting documentation and finds that the requested costs are reasonable and recoverable.  Therefore, the undersigned recommends that the full amount of costs sought by Plaintiff be awarded.

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion to Tax Costs be DENIED; and that Plaintiff's Motion to Tax Costs BE GRANTED, and Plaintiff be awarded the sum of $**2,722.44** as costs of this action.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 24th day of November, 2020.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Jose E. Martinez
       Counsel of Record