UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23193-CIV-MARTINEZ/AOR

JEAN EMMANUEL DORVIL,

    Plaintiff,
v.

NATIONSTAR MORTGAGE LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Jean Emmanuel Dorvil's ("Plaintiff") Motion to Determine Entitlement to Attorney's Fees (hereafter, "Motion for Entitlement") [D.E. 170]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 155]. For the reasons stated below, the undersigned respectfully recommends that Plaintiff's Motion for Entitlement be GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff originally filed this action against Defendant Nationstar Mortgage LLC ("Defendant"), its former mortgage loan servicer, in State Court, asserting claims arising out of Defendant's foreclosure of his house located at 19430 W. Oakmont Drive, Hialeah, Florida 33015. See State Court Records [D.E. 1-3]. On August 23, 2017, Defendant removed this action to Federal Court. See Notice of Removal [D.E. 1]. On December 15, 2017, Plaintiff filed an Amended Complaint asserting ten claims against Defendant: (1) wrongful foreclosure; (2) breach of contract (trial modification); (3) breach of contract (permanent modification); (4) breach of the implied covenant of good faith and fair dealing; (5) promissory estoppel; (6) negligent misrepresentation (trial modification); (7) negligent misrepresentation (permanent modification); (8) fraudulent

misrepresentation (trial modification); (9) fraudulent misrepresentation (permanent modification); and (10) negligence. See Amended Complaint [D.E. 16 at 4-15]. Plaintiff claimed that Defendant wrongfully foreclosed on his house after he had entered into two mortgage modification contracts. Id. at 2-4.

On March 28, 2018, Defendant filed a Motion for Summary Judgment [D.E. 31] as to all of the claims asserted by Plaintiff, which the Court granted in part and denied in part on March 26, 2019. See Order on Defendant's Motion for Summary Judgment [D.E. 63]. The Court granted Defendant's Motion for Summary Judgment as to Counts 4, 5, 6, 7, 8, 9, and 10, as well as to Plaintiff's claims for emotional distress damages and punitive damages, and denied it as to Counts 1, 2, and 3. Id. at 43. On April 5, 2019, Plaintiff filed a Motion for Reconsideration [D.E. 66], which the Court denied on October 4, 2019. See Paperless Order [D.E. 81].

Thereafter, a jury trial was held on the three surviving counts. See Paperless Minute Entry for Proceedings [D.E. 122, 123]. On February 26, 2020, the jury returned a verdict in favor of Plaintiff as to Counts 1 and 2, asserting claims for wrongful foreclosure and breach of contract (trial modification); and awarded him $182,600.00 in damages. See Jury Verdict [D.E. 124]. On March 11, 2020, the Court entered Final Judgment for Plaintiff but reduced the damages award to $30,00.00, and reserved jurisdiction on the issue of attorney's fees and costs. See Final Judgment [D.E. 134].

On March 25, 2020, Plaintiff filed his Motion to Tax Costs as prevailing party, and on May 10, 2020, Defendant filed its Motion to Tax Costs, also claiming to be the prevailing party. See Plaintiff's Motion to Tax Costs [D.E. 140]; Defendant's Motion to Tax Costs [D.E. 151]. On November 24, 2020, the undersigned issued a Report and Recommendation [D.E. 174], finding

that only Plaintiff was entitled to a costs award as the prevailing party.  The Report and Recommendation was adopted on February 2, 2021.  See Order [D.E. 178].

On October 5, 2020, Plaintiff filed his Motion for Entitlement [D.E. 170].  On October 25, Defendant filed its Opposition to Motion for Entitlement (hereafter, "Response") [D.E. 171]. Plaintiff filed his Reply in Support of its Motion for Entitlement ("Reply") [D.E. 172] on October 22, 2020, and a Notice of Supplemental Authority [D.E. 177] on January 4, 2021.

## APPLICABLE LAW

The general rule is that each party is responsible for its own attorney's fees in litigation, unless a statue or contract provides otherwise.  Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 253, 130 S. Ct. 2149, 2157, 176 L. Ed. 2d 998 (2010).  However, where there is a unilateral attorney's fees provision in a contract, Florida Statute Section 57.105(7) transforms it into a reciprocal provision.  Florida Statute Section 57.105(7) provides:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

Fla. Stat. Ann. § 57.105.  Thus, if one party is allowed to recover attorney's fees when that party seeks to enforce the contract and prevails, the other party to the contract may also recover attorney's fees when that party seeks to enforce the contract and prevails.

## DISCUSSION

Plaintiff seeks to recover attorney's fees, on the basis that the trial modification contract states that the terms and provisions of the original mortgage remain in full force and effect, and that the original mortgage provides for attorney's fees in Paragraph 21.

In its Response, Defendant argues that: (1) Plaintiff cannot seek fees based on extinguished mortgage provisions; (2) Paragraph 21 of the original mortgage does not apply because it only

3

allows for attorney's fees for a foreclosure lawsuit; (3) Plaintiff is not the prevailing party; and (4) Plaintiff's attorney's fees must be limited to time spent on the trial modification claim only. See Response [D.E. 171 at 1-6]. As to Defendant's third argument, the undersigned has already determined that Plaintiff was the prevailing party entitled to a costs award. With regard to the fourth argument, the contour of a fee award is more properly addressed in the context of the reasonableness of the fees, which is a separate issue from entitlement. Therefore, the undersigned need only address Defendant's first and second arguments.

### 1. Whether the original mortgage provisions apply to the trial modification contract.

Defendant offered Plaintiff a trial modification contract that contained the following language:

> Your current loan documents remain in effect; however, you may make the trial period payments instead of the payments required under your loan documents.
>
> You agree that all terms and provisions of your current mortgage note and mortgage security instrument remain in full force . . . .

See Trial Modification Contract [D.E. 170-1 at 5].

Defendant argues that the trial modification contract did not incorporate the original mortgage provisions because it did not specifically state that it was "subject to" the mortgage; and that the parties did not intend to incorporate the mortgage because the mortgage was extinguished prior to the trial modification contract. See Response [D.E. 171 at 1-3].

The rules for incorporation of a document under Florida law are as follows:

> A document *must* be considered incorporated by reference where the incorporating document specifically provides that it is subject to the incorporated document . . . . The other portion of the rule is that a document *may* be considered if it is sufficiently described or referred to in the incorporating agreement, but only for purposes of determining the intention of the contracting parties.

Hurwitz v. C. G. J. Corp., 168 So. 2d 84, 87 (Fla. Dist. Ct. App. 1964).

4

Here, the "subject to" language is not present. However, the language from the trial modification contract expressly refers to Plaintiff's mortgage and incorporates "all terms and provisions" from the mortgage. Moreover, "your current mortgage" expressly and sufficiently describes the original mortgage, regardless of whether it had been extinguished. Therefore, applying the permissive portion of the rule for incorporation of a document, the undersigned finds that the parties intended to incorporate the terms and provisions of the original mortgage into the trial modification contract. Hurwitz, 168 So. 2d at 87; see also OBS Co. v. Pace Const. Corp., 558 So. 2d 404, 406 (Fla. 1990) ("It is a generally accepted rule of contract law that, where a writing expressly refers to and sufficiently describes another document, that other document, or so much of it as is referred to, is to be interpreted as part of the writing.").

**2. Whether the mortgage's attorney's fees provision applies to this action.**

Paragraph 21 of the original mortgage provides in part:

> Acceleration; Remedies. Lender shall give notice to the Borrower prior to acceleration following Borrower's *breach of any covenant or agreement* . . . . Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorney's fees and costs of title evidence."

See Mortgage [D.E. 16-2 at 7] (emphasis added).

Defendant argues that this attorney's fees provision only applies to a foreclosure lawsuit, not to this action, because Fla. Stat. § 57.105(7), which transforms this unilateral attorney's fees provision into a reciprocal provision, must be strictly construed and cannot be used to expand the scope of contractual fee provisions. See Response [D.E. 171 at 3-4]. The cases cited by Defendant in support of this proposition are distinguishable because the contracts in those cases only allowed for limited entitlement to attorney's fees for the costs of collection. See Placida Pro. Ctr., LLC v. F.D.I.C., 512 F. App'x 938, 952 (11th Cir. 2013) (provision in a note and mortgage for costs of

5

collection, including attorney's fees, did not apply to an action for repudiation damages); Subway Restaurants, Inc. v. Thomas, 860 So. 2d 462, 463 (Fla. Dist. Ct. App. 2003) (attorney's fees provision limited to collection of unpaid rent did not apply in wrongful eviction and breach of contract action); Fla. Hurricane Prot. & Awning, Inc. v. Pastina, 43 So. 3d 893, 895 (Fla. Dist. Ct. App. 2010) (attorney's fees provision for costs of collection did not apply to breach of contract action). In this case, the attorney's fee provision in Paragraph 21 of the mortgage is not limited to the costs of collection; rather, it allows Defendant to recover attorney's fees "following Borrower's breach of *any covenant or agreement*." (emphasis added).

Section 57.105(7) states: "If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract." Fla. State. § 57.105(7). "[T]he purpose of the statute is simply to ensure that each party gets what it gives." Inland Dredging Co. v. Panama City Port Auth., 406 F. Supp. 2d 1277, 1283 (N.D. Fla. 2005). In the mortgage, Plaintiff gave Defendant the right to recover attorney's fees for "breach of any covenant or agreement". As discussed above, the terms and provisions of the original mortgage are incorporated into the trial modification contract. Therefore, Plaintiff gets the same right in return: to recover attorney's fees when he prevailed on his claim that Defendant breached the trial modification contract.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Entitlement be GRANTED and that Plaintiff be directed to file a motion for fees in accordance with the provisions of S.D. Fla. Rule 7.3.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 26th day of April, 2021.

                                                            *[signature]*
                                                            ALICIA M. OTAZO-REYES
                                                            UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Jose E. Martinez
      Counsel of Record