## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-23193-CIV-MARTINEZ/AOR

JEAN EMMANUEL DORVIL,

     Plaintiff,

v.

NATIONSTAR MORTGAGE LLC,

     Defendant.

_____/

### REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Jean Emmanuel Dorvil's ("Plaintiff") Motion for Award of Reasonable Attorney's Fees (hereafter, "Motion for Fees") [D.E. 189]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 155]. The undersigned held a hearing on this matter on December 13, 2021 (hereafter "Hearing") [D.E. 203]. For the reasons stated below, the undersigned respectfully recommends that Plaintiff's Motion for Fees be GRANTED IN PART.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff originally filed this action against Defendant Nationstar Mortgage LLC ("Defendant"), its former mortgage loan servicer, in state court, asserting claims arising out of Defendant's foreclosure of his house located at 19430 W. Oakmont Drive, Hialeah, Florida 33015. See State Court Records [D.E. 1-3]. On August 23, 2017, Defendant removed this action. See Notice of Removal [D.E. 1]. On December 15, 2017, Plaintiff filed an Amended Complaint asserting ten claims against Defendant: (1) wrongful foreclosure; (2) breach of contract (trial modification); (3) breach of contract (permanent modification); (4) breach of the implied covenant of good faith and fair dealing; (5) promissory estoppel; (6) negligent misrepresentation (trial

modification); (7) negligent misrepresentation (permanent modification); (8) fraudulent misrepresentation (trial modification); (9) fraudulent misrepresentation (permanent modification); and (10) negligence. See Amended Complaint [D.E. 16 at 4–15]. Plaintiff alleged that Defendant had wrongfully foreclosed on his house after he had entered into two mortgage modification contracts. Id. at 2–4.

On March 28, 2018, Defendant filed a Motion for Summary Judgment [D.E. 31] as to all of the claims asserted by Plaintiff, which the Court granted in part and denied in part on March 26, 2019. See Order on Defendant's Motion for Summary Judgment [D.E. 63]. The Court granted Defendant's Motion for Summary Judgment as to Counts 4, 5, 6, 7, 8, 9, and 10, as well as to Plaintiff's claims for emotional distress damages and punitive damages; and denied it as to Counts 1, 2, and 3. Id. at 43. On April 5, 2019, Plaintiff filed a Motion for Reconsideration [D.E. 66], which the Court denied on October 4, 2019. See Paperless Order [D.E. 81].

Thereafter, a jury trial was held on the three surviving counts. See Paperless Minute Entries for Proceedings [D.E. 122–23]. On February 26, 2020, the jury returned a verdict in favor of Plaintiff as to Counts 1 and 2, which asserted claims for wrongful foreclosure and breach of contract (trial modification); and awarded him $182,600.00 in damages. See Jury Verdict [D.E. 124]. On March 11, 2020, the Court entered Final Judgment for Plaintiff but reduced the damages award to $30,000.00, and reserved jurisdiction on the issue of attorney's fees and costs. See Final Judgment [D.E. 134].

On March 25, 2020, Plaintiff filed his Motion to Bill Costs as prevailing party, and on April 10, 2020, Defendant filed its Motion to Bill Costs, also claiming to be the prevailing party. See Plaintiff's Motion to Bill Costs [D.E. 140]; Defendant's Motion to Bill Costs [D.E. 151]. On November 24, 2020, the undersigned issued a Report and Recommendation [D.E. 174], finding

2

that only Plaintiff was entitled to a costs award as the prevailing party.  On February 2, 2021, the Court adopted the Report and Recommendation.  See Order [D.E. 178].

On October 5, 2020, Plaintiff filed a Motion to Determine Entitlement to Attorney's Fees (hereafter, "Motion for Entitlement") [D.E. 170].  On April 26, 2021, the undersigned issued a Report and Recommendation [D.E. 180], recommending that the Motion for Entitlement be granted.  On June 1, 2021, the Court adopted the Report and Recommendation.  See Order Adopting Magistrate Judge's Report and Recommendation [D.E. 184].

On July 9, 2021, Plaintiff filed his Motion for Fees [D.E. 189], and on July 14, 2021, Plaintiff filed his Notice of Filing Corrected Exhibit [D.E. 190].  In support of his Motion for Fees, Plaintiff has submitted: the Affidavit of David H. Charlip ("Charlip Affidavit") [D.E. 189-1]; the Affidavit of Nicole R. Moskowitz ("Moskowitz Affidavit") [D.E. 189-2]; and the Affidavit as to Reasonable Attorney's Fees by Roberto Villasante ("Villasante Affidavit") [D.E. 189-3].  On July 23, 2021, Defendant filed its Objections to Plaintiff's Motion for Fees (hereafter, "Response") [D.E. 191], and on August 2, 2021, Plaintiff filed his Corrected Reply in Support of his Motion for Fees (hereafter, "Reply") [D.E. 195].

## DISCUSSION

### 1.  *Calculation of Reasonable Attorney's Fees*

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The product of this calculation is known as the lodestar.  See Key W. Tourist Dev. Ass'n v. Zazzle, Inc., No. 10-10100-CIV-KING/MCALILEY, 2013 WL 12248141, at *5 (S.D. Fla. Jan. 9, 2013), report and

recommendation adopted, 2013 WL 12248227 (S.D. Fla. Mar. 12, 2013).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). However, the "[C]ourt . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Plaintiff's fee request is composed of the following items:

| Timekeeper | Hours | Rate ($/hour) | Total ($) |
|---|---|---|---|
| David H. Charlip ("Attorney Charlip") | 167.65 | 500.00 | 83,825.00 |
| Nicole Moskowitz ("Attorney Moskowitz") | 250.90 | 467.50 | 117,295.75 |
| Frederick Neustein ("Attorney Neustein")[1] | 28.60 | 467.50 | 13,370.50 |
| Alberto Matta ("Law Clerk Matta")[2] | 48.30 | 190.00 | 9,177.00 |
| Paralegals[3] | 72.10 | 125.00 | 9,012.50 |
| **Requested Total[4]** | **567.55** | | **$232,680.75** |

See Reply [D.E. 195 at 7]. In addition, Plaintiff requests a 2.0 lodestar multiplier, for a corrected grand total of $465,361.50. Id.[5]

---

[1] In his Reply, Plaintiff erroneously calculated Attorney Neustein's fee request. See Reply [D.E. 195 at 7]. The dollar value in this row reflects the correct product of Attorney Neustein's hours and hourly rate.

[2] Defendant agrees that the hourly rate sought for Law Clerk Matta is appropriate. See Response [D.E. 191 at 3 n.2].

[3] Defendant agrees that the hourly rate sought for the paralegals is appropriate. Id.

[4] Plaintiff originally requested $240,303.00 in his Motion for Fees [D.E. 189 at 2–3]. In his Reply, Plaintiff conceded that there were some errors and corrected the requested amount to $233,080.75. See Reply [D.E. 195 at 3–4 n.2]. However, the requested total amount needs further correction in light of the correction made to Attorney Neustein's fee request. The dollar value in this row reflects the correct sum of the timekeepers' respective fee requests.

[5] Plaintiff also requests to tax Mr. Roberto Villasante's expert witness fees as costs pursuant to Section 92.231, Florida Statutes. See Motion for Fees [D.E. 189 at 15–16]; see also Reply [D.E. 195 at 6]. However, these costs are not compensable in connection with the instant Motion for Fees. See, e.g.,

   *i.*   <u>*Reasonable Hourly Rate*</u>

  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." <u>Norman</u>, 836 F.2d at 1299 (citing <u>Blum v. Stenson</u>, 465 U.S. 886, 895–96 n.11 (1984)). "The party seeking attorney's fees bears the burden of producing 'satisfactory evidence that the requested rate is in line with prevailing market rates.'" <u>Loranger v. Stierheim</u>, 10 F.3d 776, 781 (11th Cir. 1994) (quoting <u>Norman</u>, 836 F.2d at 1299). The Court may consider the following factors in determining the prevailing market rate:

   (1) The time and labor required;
   (2) The novelty and difficulty of the questions;
   (3) The skill requisite to perform the legal service properly;
   (4) The preclusion of other employment;
   (5) The customary fee;
   (6) Whether the fee is fixed or contingent;
   (7) The time limitations imposed by the client or circumstances;
   (8) The amount involved and the results obtained;
   (9) The experience, reputation, and ability of the attorneys;
   (10) The undesirability of the case;
   (11) The nature and length of the professional relationship with the client; and
   (12) The awards in similar cases.

<u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714, 717–19 (5th Cir. 1974), <u>abrogated on other grounds</u>, <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989); <u>see also</u> <u>Eckerhart</u>, 461 U.S. at 430 (applying <u>Johnson</u> factors); Motion for Fees [D.E. 189 at 4–5] (setting forth factors).

  In the Charlip Affidavit, Attorney Charlip states that, other than the $7,500.00 engagement fee paid at the inception of the case, Plaintiff's counsel's compensation is fully contingent; and that the contingency fee structure is as follows: "The attorneys' compensation upon recovery in

---

<u>Crossman v. USAA Cas. Ins. Co.</u>, No. 6:18-CV-1301-Orl-31GJK, 2020 WL 1170757, at *1 (M.D. Fla. Mar. 11, 2020), <u>adopting report and recommendation</u>, 2020 WL 1172048 (M.D. Fla. Feb. 7, 2020) (denying request to recover expert witness fees pursuant to Section 92.231 because (1) federal law alone does not authorize recovery of expert witness fees and (2) sworn statement, without testimony, from expert does not "suffice for recovery under Section 92.231").

this case shall be either [40% of any recovery] or the amount awarded by the court, whichever yields the higher attorney's fee." See Charlip Affidavit [D.E. 189-1 at 1–2]. Attorney Charlip further states that: he is a Florida Board Certified Trial Specialist and general civil litigation attorney with over 39 years of local and national experience; that he used billing judgment and voluntarily reduced both the time expended and the hourly rate claimed to be reasonable for himself and Law Clerk Matta; and that he is seeking a rate of $500.00 per hour for himself, $190.00 per hour for Law Clerk Matta, and $125.00 per hour for his paralegals. Id. at 2, 4–5.

In the Moskowitz Affidavit, Attorney Moskowitz states that: she has been practicing law in Florida since 2008, and that Attorney Neustein has been practicing law in Florida since 1992; that she voluntarily reduced the time expended and the hourly rate claimed to be reasonable for herself and Attorney Neustein; and that she is seeking a rate of $467.50 per hour for herself, $467.50 per hour for Attorney Neustein, and $125.00 per hour for her paralegals. See Moskowitz Affidavit [D.E. 189-2 at 2, 5].

According to Plaintiff, an hourly rate of $600.00 per hour is reasonable for Attorney Charlip, and an hourly rate of $550.00 is reasonable for Attorney Moskowitz and Attorney Neustein, but the attorneys have voluntarily reduced their rates to $500.00 per hour for Attorney Charlip and $467.50 per hour for Attorney Moskowitz and Attorney Neustein. See Motion for Fees [D.E. 189 at 10]. Plaintiff further argues that such rates have previously been awarded to his attorneys in state court. Id.; see also Composite Exhibit A [D.E. 189-4]. However, Defendant argues that Plaintiff has not provided any evidence that his attorneys have ever been awarded these rates in federal court, and that the rates in the state court orders reflect contracted rates and are not indicative of the current market rate. See Response [D.E. 191 at 3].

Defendant further argues that the Court should adopt the reasonable rates established in

<u>Liberty Mutual Fire Insurance Company v. State Farm Florida Insurance Company</u>, No. 15-20941-CIV-LENARD/GOODMAN, 2020 WL 5834860 (S.D. Fla. Sept. 18, 2020), where the court found that hourly rates ranging from $175.00 to $310.00 for Liberty Mutual's attorneys in a breach of contract action were reasonable based on their respective skills and experience.  <u>Id.</u> at *4; <u>see also</u> Response [D.E. 191 at 4].  According to Defendant, "[g]iven the absence of competent proof of the appropriate market rates from [P]laintiff's counsel (or its expert), [Defendant] submits [P]laintiff's counsel has not met their burden to present proof of the market rate."  <u>See</u> Response [D.E. 191 at 4].  Thus, Defendant contends that the following rates are reasonable: $350.00 per hour for Attorney Charlip, $300.00 per hour for Attorney Moskowitz, and $335.00 per hour for Attorney Neustein.  <u>Id.</u> at 5.

Finally, Defendant argues that Plaintiff's counsel failed to substantiate the "time and labor" they expended on the case; the "supposed 'difficulty of the issues in [the] case'"; how the issues were novel or difficult; why a "high degree of skill was needed to perform the legal services in [the] matter"; and how Plaintiff's counsel was precluded from taking on other cases.  <u>Id.</u> at 5–6.

Having considered all of these arguments and applying her own experience and knowledge of the matter, the undersigned concludes that the requested hourly rates for Attorney Charlip and Attorney Neustein are reasonable, based on their respective skills and experience.  Further, and in light of Defendant's nonobjection to Plaintiff's requested hourly rates for Law Clerk Matta and the paralegals, the undersigned concludes that their requested hourly rates are also reasonable.  However, the undersigned concludes that a lower hourly rate of $350.00 for Attorney Moskowitz is reasonable.  <u>See, e.g.,</u> <u>Pinero v. Facci of Merrick Park, Inc.</u>, No. 18-24323-CIV-MARTINEZ/AOR, 2020 WL 5239095, at *3 (S.D. Fla. Aug. 21, 2020), <u>report and recommendation adopted</u>, 2020 WL 5236949 (S.D. Fla. Sept. 2, 2020) (recommending an hourly

rate of $325.00 for an attorney with comparable experience and degree of specialization to those of Attorney Moskowitz).

ii. _Number of Hours Expended_

Having determined the reasonable hourly rates for the timekeepers, the Court must determine the reasonableness of the number of hours spent. Norman, 836 F.2d at 1301. "A fee applicant must set out the general subject matter of the time expended by the attorney 'with sufficient particularity so that the court can assess the time claimed for each activity.'" Diaz v. Solmar Rest., Inc., No. 08-21379-CIV, 2009 WL 10667781, at *4 (S.D. Fla. Aug. 7, 2009) (quoting Norman, 836 F.2d at 1303). "Excessive, redundant or otherwise unnecessary" hours should be excluded from the amount claimed." Eckerhart, 461 U.S. at 434. "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Am. Civ. Liberties Union of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).

In its Response, Defendant argues that Plaintiff's counsel improperly billed for administrative, excessive, and unnecessary tasks. See Response [D.E. 191 at 7]. More specifically, Defendant argues that Attorney Charlip improperly billed for time spent on the appeal; engaged in duplicative billing for conferences with Attorney Moskowitz and Attorney Neustein; and billed several hours for clerical work. Id. at 7–8.[6] Defendant also argues that many of Attorney Charlip's entries are "too vague to provide any meaningful insight into how the tasks advanced the litigation." Id. at 7. Thus, Defendant argues that Attorney Charlip's hours should be reduced from 167.65 hours to 115.00 hours. Id. at 8. With respect to Attorney Neustein, Defendant argues that his hours are improperly inflated and that he engaged in duplicative billing

---

[6] Plaintiff's counsel contends that all time spent on the appeal was removed from the final request for fees. See Reply [D.E. 195 at 3–4 n.2].

for time spent in a mediation alongside Attorney Charlip and Attorney Moskowitz.  Id. at 8–9.

Thus, Defendant argues that Attorney Neustein's hours should be reduced from 28.60 hours to 0

hours.  Id. at 9.  Finally, Defendant argues that Attorney Moskowitz's entries are "generic and

completely fail to explain how the entry advanced the litigation" and are oftentimes duplicative of

her co-counsel's entries.  Id. at 9–10.  Thus, Defendant argues that Attorney Moskowitz's hours

should be reduced from 252.00 hours to 223.80 hours.  Id. at 10.

      Defendant further argues that Law Clerk Matta's hours should be reduced because "almost

a third of [his hours were spent on] clerical work" such as document management and scheduling.

Id. at 10–11.  Defendant also argues that another "15% [of Law Clerk Matta's] time was spent on

the appeal."  Id. at 11.  Thus, Defendant argues that Law Clerk Matta's hours should be reduced

from 48.30 hours to 23.80 hours.  Id.

      With regard to Attorney Charlip's paralegals' hours, Defendant argues that they should be

reduced because: their time was spent on clerical work; some hours were duplicative of work

performed by Attorney Charlip; several hours were directed towards the appeal; and Plaintiff's

corrected Exhibit C [D.E. 190] identifies one of the paralegals as a receptionist.  Id. at 11–12.

Thus, Defendant argues that Attorney Charlip's paralegals' hours should be reduced from 9.00

hours to 0.20 hours.  Id. at 12.  With respect to Attorney Moskowitz's paralegals, Defendant argues

that their hours should also be reduced because most of their time was spent on clerical or

ministerial work.  Id.  Thus, Defendant argues that Attorney Moskowitz's paralegals' hours should

be reduced from 64.40 hours to 31.50 hours.  Id.

      Having considered Defendant's detailed objections, the undersigned concurs with

Defendant's proposed reductions for hours spent on clerical or duplicative work.  See, e.g.,

Response [D.E. 191 at 7–12] (identifying key non-billable entries).  Accordingly, the undersigned

will reduce Attorney Charlip's time to 115.00 hours; Attorney Moskowitz's time to 223.80 hours; Attorney Neustein's time to 0 hours; Law Clerk Matta's time to 23.80 hours; and the paralegals' time to 31.70 hours.

        *iii.*    <u>*Lodestar Adjustment*</u>

"[T]here is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." <u>Bivins v. Wrap It Up, Inc.</u>, 548 F.3d 1348, 1350 (11th Cir. 2008) (quotation omitted). "When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts." <u>Id.</u> at 1350–51.

Relevant here, when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." <u>Eckerhart</u>, 461 U.S. at 436. Accordingly, "the district court has discretion to reduce an award to account for situations where the lodestar figure is unreasonable in light of the limited success obtained." <u>See</u> <u>Martinez v. Hernando Cnty. Sheriff's Off.</u>, 579 F. App'x 710, 715 (11th Cir. 2014) (citing <u>Eckerhart</u>, 461 U.S. at 436–37). In <u>Martinez</u>, the Eleventh Circuit found that "[t]he district court did not abuse its discretion in reducing the lodestar figure by 75% and awarding $10,900.50 in attorney's fees" given that the Plaintiff "was only partially successful in his claims, so the court was permitted to adjust the lodestar downward." <u>Martinez</u>, 579 F. App'x at 715 (citing <u>Eckerhart</u>, 461 U.S. at 434–37). Further, "[b]ecause the court found that it was unable to determine the number of hours spent on the unsuccessful claims, it had discretion to 'simply reduce the award to account for the limited success.'" <u>Martinez</u>, 579 F. App'x at 715 (quoting <u>Eckerhart</u>, 461 U.S. at 436–37).

In its Response, Defendant argues that "Plaintiff cannot recover for time spent pursuing unsuccessful claims."  See Response [D.E. 191 at 14].  Defendant notes that the Court granted summary judgment in its favor against Plaintiff on Counts 4 through 10, and on Plaintiff's claims for emotional distress damages and punitive damages.  Id.; see also Order on Defendant's Motion for Summary Judgment [D.E. 63].  Defendant further notes that, at trial, the jury found in Defendant's favor on Count 3 and that this verdict and the Court's Order on Defendant's Motion for Summary Judgment [D.E. 63] were upheld on appeal.  See Response [D.E. 191 at 15].  Defendant also argues that, given the Court's downward adjustment to the jury's damages award, from $182,600.00 to $30,000.00, Plaintiff's status as a prevailing party does not *per se* warrant a fee award in excess of $200,000.  Id. at 15–16.  Thus, Defendant proposes a 70% reduction to the lodestar.  Id. at 17.

Given Plaintiff's limited success in this litigation, the undersigned does conclude that a 60% downward adjustment to the lodestar is warranted.  See Martinez, 579 F. App'x at 715.

 *iv.*   *Multiplier*

"In contingency fee cases that apply Florida law, once the lodestar is established, the [C]ourt must consider whether a multiplier is appropriate."  Rodriguez v. GeoVera Specialty Ins. Co., No. 19-21173-CIV-O'SULLIVAN, 2020 WL 6800451, at *12 (S.D. Fla. Nov. 19, 2020) (quoting Defronzo v. Liberty Mut. Ins. Co., No. 6:19-CV-244-ORL-78-LRH, 2020 WL 5881702, at *13 (M.D. Fla. July 28, 2020), report and recommendation adopted, 2020 WL 5881595 (M.D. Fla. Aug. 14, 2020)) (internal citations omitted).  "The decision to award a multiplier is discretionary."  Rodriguez, 2020 WL 6800451, at *12 (quoting Crossman v. USAA Cas. Ins. Co., No. 6:18-cv-1301-Orl-31GJK, 2020 WL 1172048, at *4 (M.D. Fla. Feb. 7, 2020), report and recommendation adopted, 2020 WL 1170757 (M.D. Fla. Mar. 11, 2020)).

The Court considers the following factors when assessing whether to apply a multiplier:

(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in <u>Rowe</u> are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

<u>Rodriguez</u>, 2020 WL 6800451, at *12 (quoting <u>Standard Guar. Ins. Co. v. Quanstrom</u>, 555 So. 2d 828, 834 (Fla. 1990));[7] <u>see also</u> <u>St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.</u>, No. 18-21365-Civ-WILLIAMS/TORRES, 2019 WL 7905013, at *7 (S.D. Fla. Oct. 10, 2019) (same).

Plaintiff argues that a 2.0 multiplier is appropriate in this case because the likelihood of success at the outset of the case was remote. <u>See</u> Motion for Fees [D.E. 189 at 13]. In its Response, Defendant argues that the application of a 2.0 multiplier is unwarranted because Plaintiff's Motion for Fees [D.E. 189] fails to address whether the relevant market requires a contingency fee multiplier to obtain competent counsel and whether the attorneys were able to mitigate the risk of nonpayment in any way. <u>See</u> Response [D.E. 191 at 17]. Defendant further argues that Plaintiff's payment of a retainer "militates against the second [<u>Quanstrom</u>] factor" and that "alone is sufficient reason to deny the multiplier." <u>Id.</u> Defendant further argues that the <u>Rowe</u> factors do not favor Plaintiff because his Motion for Fees failed to explain: how the issues litigated were novel or

---

[7] The <u>Rowe</u> factors are:

(1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.

<u>See</u> <u>Fla. Patient's Comp. Fund v. Rowe</u>, 472 So. 2d 1145, 1150 (Fla. 1985).

difficult; how the risks involved in taking the case translate to the application of a 2.0 multiplier; and how the result attained by Plaintiff justifies the requested "outsized fee award."  Id. at 18.

In his Reply, Plaintiff argues that the case's characterization as a "dog's breakfast" by the Court supports counsel's contingency fee arrangement and the subsequent use of a multiplier.  See Reply [D.E. 195 at 6] (quoting Transcript of Jury Trial [D.E. 143 at 84:10]).  Plaintiff also argues that Plaintiff's payment of a retainer amount is not conclusive evidence of counsel's ability to mitigate the risk of nonpayment.  See Reply [D.E. 195 at 6].  Plaintiff further contends that the case presented novel issues under Florida law in the area of wrongful foreclosure, thereby warranting the application of a 2.0 multiplier to Plaintiff's requested fee award.  Id.

Having considered these arguments and counterarguments, the undersigned concludes that the application of a 2.0 multiplier is unwarranted in this case.  Notwithstanding the Court's comment at trial, Plaintiff has failed to establish that other attorneys turned down his case or that he had any difficulty securing counsel at the outset of this litigation.  See Rodriguez, 2020 WL 6800451, at *13 ("There is no record evidence that the plaintiffs were turned away by other law firms or had any difficulty obtaining legal representation in this case.") (citing David L. Goldstein DMD PA v. Phoenix Ins. Co., No. 6:17-CV-1963-ORL-31-TBS, 2018 WL 5084750, at *6 (M.D. Fla. Aug. 21, 2018)).  Moreover, Plaintiff's payment of a retainer and his right to recover prevailing party attorney's fees mitigated against the risk of nonpayment.  See, e.g., Rodriguez, 2020 WL 6800451, at *14 (finding that a contingent fee agreement does not mandate the application of a multiplier and that a fee shifting provision mitigated against the risk of nonpayment).  Finally, the undersigned agrees with Defendant's assessment that the predominating issues in this case were rooted in breach of contract, negligence, and fraudulent misrepresentation.  See Response [D.E. 191 at 17].  Thus, contrary to Plaintiff's argument, the case did not present novel issues under

Florida law in the area of wrongful foreclosure.  See, e.g., Rodriguez, 2020 WL 6800451, at *14 ("The Court remains unconvinced that the instant case involved complex litigation.").

Therefore, the undersigned finds no basis for applying a multiplier to the lodestar.

> v.   *Adjusted Attorney's Fees Award*

Based on the foregoing considerations, the undersigned re-computes Plaintiff's fee award as follows:

| Timekeeper | Hours | Rate ($/hour) | Total ($) |
|---|---|---|---|
| Attorney Charlip | 115.00 | 500.00 | 57,500.00 |
| Attorney Moskowitz | 223.80 | 350.00 | 78,330.00 |
| Attorney Neustein | 0 | 467.50 | 0 |
| Law Clerk Matta | 23.80 | 190.00 | 4,522.00 |
| Paralegals | 31.70 | 125.00 | 3,962.50 |
| **TOTAL ADJUSTED REQUESTED FEES** | **394.30** | | **144,314.50** |
| 60% lodestar reduction | | | -  86,588.70 |
| **TOTAL ADJUSTED FEES AWARD** | | | **$57,725.80** |

## <u>RECOMMENDATION</u>

In accordance with the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Fees [D.E. 189] be GRANTED IN PART; and that Plaintiff be AWARDED the amount of **$57,725.80** in attorney's fees.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **<u>fourteen days</u>** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  <u>See</u> <u>Resolution Tr. Corp. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  <u>See</u> 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this <u>24th</u> day of January, 2022.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Jose E. Martinez
        Counsel of Record